thereof the following: "Ordered that the first and second above entitled actions be removed from the Supreme Court, Monroe County, and joined for trial with the third above entitled action in Genesee County." (Appeal from order of Monroe Special Term granting defendant's motion to change the place of trial from Genesee County to Monroe County, and denying motion to join the first action with the second and third, without prejudice to renew.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ

■ In the Matter of ALMA SHAVER, Appellant, v. THE PEOPLE OF THE STATE OF NEW YORK, Respondent.— Order unanimously affirmed. (Appeal from order of Erie Special Term denying petitioner's application to quash a subpœna in a John Doe proceeding.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ CHARLES J. FALLER, Respondent, v. FRANK DESSARRO et al., Defendants, and CITY OF UTICA, Appellant.— Order unanimously reversed, without costs of this appeal to either party, and motion granted, without costs. Memorandum: Plaintiff having failed to make a proper showing to retain venue in Erie County pursuant to section 187 of the Civil Practice Act, we conclude that section 242 of the Second Class Cities Law is here controlling and the place of trial should be changed to Oneida County. (Appeal from order of Erie Special Term denying motion by defendant City of Utica to change the place of trial from Erie County to Oneida County.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ In the Matter of the Claim of ANN M. LIEGL, an Infant, by JOAN A. LIEGL, Her Guardian ad Litem, et al., Respondents, v. CITY OF BUFFALO, Appellant, et al., Defendant.— Order insofar as it grants the motion of Joan A. Liegl, individually, unanimously reversed, without costs of this appeal to either party, and motion denied, without prejudice to the right of said Joan A. Liegl, individually, to reapply upon a showing that the failure to serve her notice of claim within the appropriate time was caused by her mental or physical incapacity; order insofar as it grants the motion as to Ann Marie Liegl, by her guardian ad litem, unanimously affirmed, without costs. Memorandum: The affidavits of Joan A. Liegl state, in a conclusory way, that she was ill during the 90-day period, within which she should have given notice of her claim. Section 50-e of the General Municipal Law requires, for an extension, a showing of mental or physical incapacity which caused the failure to serve the notice within the specified time. There is nothing stated as to the nature of the alleged incapacity or why it was responsible for her failure. No medical affidavits were submitted to show the extent of the alleged physical or mental disability. Apparently she was obliged to see her doctor once every three weeks, later once a week, and finally was hospitalized for the last few days, all during the statutory 90-day filing period. She also states that she was unemployed and in dire distress as far as finances were concerned. She alleges certain duties and obligations in relation to her injured daughter. She may have been distressed, ill, in need, and occupied, but the papers fall far short of showing mental or physical incapacity to file during the period in question. However, it may be, that upon a further application, a legal excuse may be presented. She should have this opportunity. (Appeal from order of Erie Special Term granting leave to file late notices of claim.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ CHARLES A. GRANT, as Administrator of the Estate of CHARLES A. GRANATA, JR., Deceased, Plaintiff, v. RICHARD BRADSTREET et al., Defendants. ROCHESTER GAS AND ELECTRIC CORPORATION, Third-Party Plaintiff-Respondent, v. A. FRIEDERICH & SONS CO., Third-Party Defendant-Appellant.— Order

unanimously affirmed, with $25 costs and disbursements. (Appeal from order of Monroe Special Term denying motion by A. Friederich & Sons for dismissal of the third-party complaint.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.